```
10-4273
Onondaga Nation v. State of NY
```

**MANDATE**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

```
 1        At a stated term of the United States Court of Appeals
 2   for the Second Circuit, held at the Daniel Patrick Moynihan
 3   United States Courthouse, 500 Pearl Street, in the City of
 4   New York, on the 19th day of October, two thousand twelve.
 5
 6   PRESENT: DENNIS JACOBS,
 7            Chief Judge,
 8        ROBERT A. KATZMANN,
 9        DEBRA ANN LIVINGSTON,
10            Circuit Judges.
11
12   - - - - - - - - - - - - - - - - - - - -X
13   ONONDAGA NATION,
14        Plaintiff-Appellant,
15
16        -v.-                                           10-4273-cv
17
18   THE STATE OF NEW YORK, GEORGE PATAKI,
19   IN HIS INDIVIDUAL CAPACITY AND AS GOVERNOR OF
20   NEW YORK STATE, ONONDAGA COUNTY, CITY OF
21   SYRACUSE, HONEYWELL INTERNATIONAL,
22   INC., TRIGEN SYRACUSE ENERGY
23   CORPORATION, CLARK CONCRETE COMPANY,
24   INC., VALLEY REALTY DEVELOPMENT
25   COMPANY, INC., AND HANSON AGGREGATES
26   NORTH AMERICA,
27        Defendants-Appellees.
28   - - - - - - - - - - - - - - - - - - - -X
```

MANDATE ISSUED ON 12/28/2012

| | | |
|---|---|---|
| **FOR APPELLANT:** | | JOSEPH HEATH, Law Office of Joseph Heath, Syracuse, NY (Curtis Berkey, Alexandra C. Page, Alexander, Berkey, Williams & Weathers LLP, Berkeley, CA, on the brief). |
| **FOR APPELLEES:** | | DENISE A. HARTMAN, Assistant Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY (Barbara D. Underwood, Solicitor General, Andrew D. Bing, Deputy Solicitor General, Albany, NY and Gus P. Coldebella and Mark S. Puzella, Goodwin Procter LLP, Boston, MA, on the brief). |
| **FOR AMICUS:** | | Matthew L.M. Fletcher, Michigan State University College of Law, East Lansing, MI (Kathryn E. Fort, Michigan State University College of Law, East Lansing, MI and Carrie Garrow, Syracuse University College of Law, Syracuse, NY on the brief), for amicus curiae Indigenous Law and Policy Center in Support of Appellant. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

The Onondaga Nation ("Onondaga") appeals from the judgment of the District Court for the Northern District of New York (Kahn, J.) dismissing its suit. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews 12(b)(6) dismissals <u>de novo</u>, taking "as true all of the allegations in plaintiff['s] complaint and draw[ing] all inferences in favor of the plaintiff[]." <u>Weixel v. Bd. of Educ.</u>, 287 F.3d 138, 145 (2d Cir. 2002). Dismissal is appropriate if the complaint fails to state a claim that is "plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). When the district court takes notice of facts outside a complaint, this Court reviews that decision under an abuse of discretion standard. <u>Staehr v. Hartford Fin. Servs. Grp., Inc.</u>, 547 F.3d 406, 424 (2d Cir. 2008).

This appeal is decided on the basis of the equitable bar on recovery of ancestral land in <u>City of Sherrill v. Oneida Indian Nation</u>, 544 U.S. 197 (2005) ("Sherrill"), and this Court's cases of <u>Cayuga Indian Nation v. Pataki</u>, 413 F.3d 266 (2d Cir. 2005) ("Cayuga") and <u>Oneida Indian Nation v. County of Oneida</u>, 617 F.3d 114 (2010) ("Oneida"). Three specific factors determine when ancestral land claims are foreclosed on equitable grounds: (1) "the length of time at issue between an historical injustice and the present day"; (2) "the disruptive nature of claims long delayed"; and (3) "the degree to which these claims upset the justifiable expectations of individuals and entities far removed from the events giving rise to the plaintiffs' injury." <u>Oneida</u>, 617 F.3d at 127; <u>see also Sherrill</u>, 544 U.S. at 214, 221 (summarizing that the equitable considerations in this area are similar to "doctrines of laches, acquiescence, and impossibility," and grew from "standards of federal Indian law and federal equity practice") (internal quotation marks omitted). All three factors support dismissal.

As to length of time, the district court noted that "approximately 183 years separate the Onondagas' filing of this action from the most recent occurrence giving rise to their claims." <u>Onondaga v. New York</u>, No. 5:05-cv-0314, 2010 WL 3806492, at *8 (N.D.N.Y. Sept. 22, 2010). The disruptive nature of the claims is indisputable as a matter of law. It is irrelevant that the Onondaga merely seek a declaratory judgment. <u>Oneida</u> held that a declaratory judgment alone-- even without a contemporaneous request for an ejectment-- would be disruptive. 617 F.3d at 138 ("[T]he applicability of an equitable defense requires consideration of the basic premise of a claim, rather than the particular remedy sought. . . . [T]he 'disruptiveness [is] inherent in the claim itself'") (quoting <u>Cayuga</u>, 413 F.3d at 275).

3

As to settled expectations, the district court took "judicial notice that the contested land has been extensively populated by non-Indians, such that the land is predominantly non-Indian today, and has experienced significant material development by private persons and enterprises as well as by public entities." <u>Onondaga</u>, 2010 WL 3806492, at *8.  Under the Supreme Court's <u>Sherrill</u> precedent, the Government and current occupants of the land therefore have "justifiable expectations" to ownership.  <u>See</u> 544 U.S. at 217 ("dramatic changes in the character of the properties" since their transfer to New York creates justifiable expectations about ownership).

We reject the argument that it was inappropriate for the district court to take judicial notice of population and development at this stage of litigation.  Discovery is not needed to ascertain whether the City of Syracuse has been extensively developed and populated over the past 200 years. It was not an abuse of discretion for the trial court to take judicial notice of such obvious facts.  <u>See</u> FED R. EVID. 201(b) (judicial notice may be taken of facts that are "generally known").

The Onondaga urge that, if permitted to engage in fact discovery, they would show that they have "strongly and persistently protested" both the population and development of their ancestral lands.  But evidence of similar protestations did not avail the plaintiffs in <u>Cayuga</u>. There, the district court found "considerable proof as to the Cayuga's efforts, beginning in 1853, and continuing right up until the filing of this lawsuit in 1980, to 'make their voice heard' with respect to the sales to the State of their homelands in 1795 and 1807."  <u>Cayuga Indian Nation v. Pataki</u>, 165 F.Supp.2d 266, 354 (N.D.N.Y. 2001), <u>rev'd</u>, 413 F.3d 266 (2d Cir. 2005), <u>cert. denied</u>, 547 U.S. 1128 (2006). This Court nevertheless held that the equitable considerations barred a recovery.  413 F.3d at 277-78. Thus, even if the Onondaga showed after discovery that they had strongly and persistently protested, the "standards of federal Indian law and federal equity practice" stemming from <u>Sherrill</u> and its progeny would nonetheless bar their claim.  544 U.S. at 214.

1    Finding no merit in the Onondaga's remaining arguments,
2 we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit